Jennifer J. RYAN–GAMRON

v.

Michael A. GAMRON.

No. 2010–40–APPEAL.

Supreme Court of Rhode Island.

April 6, 2012.

Allen M. Kirshenbaum.

Timothy J. Robenhymer.

**ORDER**

This case came before the Supreme Court for oral argument on November 30, 2011. The single issue in this Family Court appeal is the trial justice's determination of the appreciated value of certain property owned solely by the defendant and located in the state of California. At trial, some evidence was presented to suggest that a mortgage existed on the property at the time of the marriage; however, the trial justice's original decision was unclear as to whether she took this evidence into consideration. This Court therefore remanded the matter to the Family Court on December 13, 2011, directing the trial justice to clarify whether she found the evidence of a mortgage on this property at the time of the marriage credible—and, if so, the extent, if any, this evidence influenced her calculation of the property's appreciated value during the course of the marriage.

Michael A. Gamron (Michael) and Jennifer J. Ryan–Gamron (Jennifer) were married on May 24, 1997.[1] The couple executed a prenuptial agreement, which provided that Michael would retain sole ownership of the California property located in Oxnard, California (the California property).[2] The California property served as the Gamrons' marital home, in which Jennifer also operated a daycare. In January 2003, the Gamrons relocated to Rhode Island, apparently due to Michael being transferred for employment purposes. Michael and Jennifer decided to maintain ownership of the California property and use it for rental income. At all times prior to and during the marriage, title to the California property was exclusively in Michael's name. On July 6, 2007, Jennifer filed for divorce in Washington County

---

1. For ease of reference, we will refer to the Gamrons as Michael and Jennifer, but we mean no disrespect in doing so.

2. At trial, the trial justice found the prenuptial agreement valid.

Family Court. The trial commenced on December 3, 2007.

At trial, the parties agreed that the prenuptial agreement did not address the issue of appreciation of the California property. Thus, under Rhode Island law, the Family Court had discretion to award the appreciation of value.[3] The parties agreed that the current value[4] of the California property was $430,000 with a present mortgage of approximately $195,000 and that its value at the time of marriage was $167,000. In reliance on G.L.1956 § 15-5-16.1, and based on the figures stipulated to by the parties, the trial justice calculated the appreciated value of the California property to be $263,000 (current value ($430,000) less the value at the time of marriage ($167,000)). The trial justice then subtracted the current mortgage of $195,000 to determine a net value of $68,000—of which Jennifer was entitled to sixty percent.[5] The trial justice also found Michael to be fully responsible for paying the outstanding mortgage on the

California property. In her appeal of this decision, Jennifer contends that the trial justice committed reversible error by overlooking material evidence, which resulted in a miscalculation of the amount to be divided relative to the California property.

On December 13, 2011, following oral argument before this Court, we remanded the case to the Family Court so that the trial justice could clarify whether she found any credible evidence in regard to the existence of a mortgage at the time of the marriage—and, if credible, the extent, if any, to which this evidence would have affected her calculation of the appreciated value of the California property. More specifically, we questioned whether her calculation considered the monthly mortgage statement dated August 23, 1993, entered at trial as a full exhibit, showing a balance of $174,578.17.[6]

This Court "do[es] not disturb the trial justice's findings of fact unless it can be shown that he or she has overlooked or

3. General Laws 1956 § 15-5-16.1, governing the assignment of property in divorce cases, reads in pertinent part:

"(b) * * * the court may assign the appreciation of value from the date of the marriage of property or an interest in property which was held in the name of one party prior to the marriage which increased in value as a result of the efforts of either spouse during the marriage."

4. Current or present value refers to the value at the time of the divorce proceedings.

5. Through mediation, the parties reached an agreement to divide the marital equity on a sixty/forty basis in favor of Jennifer. The agreement included the California property.

6. The trial transcript of June 18, 2008, reflects the following dialogue regarding the alleged mortgage:

"THE COURT: There has been no evidence presented regarding the exact amount of what the mortgage was. We

agreed that the pre-marital value was $167,000. The current value is $430,000, and there is a mortgage of approximately $195,000. There has been no evidence submitted to the Court regarding documentation of any mortgage at the time of the marriage.

"* * *

"[PLAINTIFF'S COUNSEL]: I'm going to ask that be marked. Can we do it full, please. [sic].

"[DEFENDANT'S COUNSEL]: Yes.

"THE CLERK: What is it?

"[PLAINTIFF'S COUNSEL]: A monthly mortgage statement on the California house. Transaction date 8/23/93. Shows a balance of the mortgage on that property, $174,578.17.

"THE COURT: The document may be marked as Plaintiff's 11, full exhibit by agreement, is that correct?

"[DEFENDANT'S COUNSEL]: Yes, Judge.

"(PLAINTIFF'S EXHIBIT 11 MARKED IN FULL)"

misconceived relevant and material evidence or was otherwise clearly wrong." *Curry v. Curry.* 987 A.2d 233, 237–38 (R.I.2010) (quoting *Schwab v. Schwab*, 944 A.2d 156, 158 (R.I.2008)). Accordingly, "[w]hen the parties contest the equitable distribution of marital assets, 'this [C]ourt will not disturb the trial justice's findings where he or she has scrupulously considered all of the elements set forth in * * * § 15–5–16.1.' " *Curry*, 987 A.2d at 238 (quoting *Ruffel v. Ruffel*, 900 A.2d 1178, 1184 (R.I.2006)). "We will vacate the equitable distribution and remand the case 'for a rehearing where the trial justice overlooks salient uncontradicted evidence in determining the amount of assets to be distributed.' " Id. (quoting *Ruffel*, 900 A.2d at 1184).

Upon remand and after careful review of the trial transcripts, the trial justice made findings of fact in response to this Court's order. In regard to the appreciation of the California property during the marriage, she specifically found that (1) "[n]o credible evidence was provided at trial to prove that there was a mortgage on the California [property] at the time of the marriage;" and (2) Jennifer "failed to provide valid documentation regarding a mortgage." Based on the foregoing findings of fact, the trial justice did not take into consideration any evidence of a premarital loan in rendering her decision. She concluded that any evidence of a mortgage at the time of the marriage was not credible and therefore was not used in her calculation of the appreciated value of the California property. According to the trial justice, based on the parties' stipulated agreement, Jennifer was entitled to $40,800, which represented sixty percent of the $68,000 appreciated value of the California property.

After hearing the arguments of counsel, reviewing the memoranda submitted on behalf of the parties, and carefully examining the record, we are satisfied that the trial justice properly weighed the evidence before her, and we defer to her findings as to the credibility of the evidence presented. Accordingly, we can discern no error by the trial justice in her determination that Jennifer failed to produce credible evidence proving that there was a mortgage on the California property at the time of the marriage in 1997.

For the reasons set forth in this order, we affirm the judgment of the Family Court and remand the record to that tribunal.